**Esma P. JACKSON and The United States National Bank of Portland and David L. Davies, Executors of the Estate of P. L. Jackson, Deceased, Plaintiffs,**

v.

**Ralph C. GRANQUIST, District Director of Internal Revenue of the United States for the District of Oregon, Defendant.**

**Civ. No. 8941.**

United States District Court
D. Oregon.

May 8, 1957.

Davidson, Duffy & Stout, Portland, Or., for plaintiffs.

C. E. Luckey, U. S. Atty., for the District of Or., Edward J. Georgeff, Asst. U. S. Atty., and Allen A. Bowden, Dept. of Justice, Washington, D. C., for defendant.

McCOLLOCH, Chief Judge.

### Findings of Fact

**I.**

Plaintiffs instituted this action to recover individual income taxes assessed against and collected from them for the year 1953 by the District Director of Internal Revenue for the District of Oregon. By leave of court, plaintiff Esma P. Jackson filed her supplemental complaint herein for the recovery of individual income taxes assessed against and collected from her by defendant for the year 1954. Jurisdiction of this ac-

tion exists by virtue of Section 1340 of Title 28 of the United States Code.

## II.

During the period from January 1, 1953 to February 14, 1953, and prior thereto, Esma P. Jackson and P. L. Jackson were wife and husband, residing in the City of Portland, County of Multnomah, State of Oregon. P. L. Jackson died on February 14, 1953. On February 24, 1953, the United States National Bank of Portland and David L. Davies were duly appointed as executors of his estate by the Circuit Court of the State of Oregon for Multnomah County, and they are still acting in that capacity. Since October 31, 1952, Ralph C. Granquist has been and now is the District Director of Internal Revenue of the United States for the District of Oregon.

## III.

At the time of his death P. L. Jackson was president and publisher of the Journal Publishing Company. Following his death, and on March 6, 1953, the board of directors of the Journal Publishing Company, at a special meeting thereof, duly adopted the following resolution:

"The president reported that it would be in order to consider the payment of an amount not to exceed the amount of the compensation of P. L. Jackson, former president and publisher of the paper, to his widow, Esma P. Jackson, for a limited period in recognition of services to the corporation performed by P. L. Jackson during his lifetime. The matter was fully discussed and upon motion duly made and seconded it was unanimously.

"Resolved that in recognition of the services to the corporation rendered by the late P. L. Jackson during his lifetime the amount of $2,000 per month of his salary be paid to his widow, Esma P. Jackson, for a period of one year, beginning March 1, 1953."

## IV.

All of the actions of the officers and directors of the Journal Publishing Company during the year 1953 were ratified and approved in the annual meeting of the shareholders thereof held on January 14, 1954.

## V.

During the period from March 1, 1953 to December 31, 1953, the Journal Publishing Company made monthly payments to Esma P. Jackson of $2,000 each, or a total of $20,000 during the year 1953. During the period from January 1, 1954 to February 28, 1954, like monthly payments were made, or a total of $4,000 during the year 1954. Immediately prior to his death the monthly salary of P. L. Jackson, from the Journal Publishing Company, was $5,000.

## VI.

The ownership of the shares of common and preferred stock of the Journal Publishing Company on February 14, 1953 (the date of death of P. L. Jackson) and on March 6, 1953 (the date of the adoption of the resolution of the Board of Directors, as set forth in paragraph III, above) was as follows:

| | February 14, 1953 | | March 5, 1953 | |
| | Common | Preferred | Common | Preferred |
|---|---|---|---|---|
| Esma P. Jackson | 0 | 0 | 0 | 0 |
| P. L. Jackson | 200 | 279 | 0 | 0 |
| Estate of P. L. Jackson | 0 | 0 | 200 | 279 |
| Maria C. Jackson (Mother of P. L. Jackson) | 400 | 210 | 400 | 210 |
| Others | 0 | 111 | 0 | 111 |
| | 600 | 600 | 600 | 600 |

## VII.

A timely joint income tax return for the year 1953 for P. L. Jackson, deceased, and Esma P. Jackson was filed with the defendant, and a tax of $6,456.12 was paid thereon. Included in the income of Esma P. Jackson in said return was the said $20,000 received by her in that year from the Journal Publishing Company.

## VIII.

On or about August 31, 1955, plaintiffs duly filed with the defendant their claim for refund for the year 1953, in the amount of $5,644.06, upon the ground that the $20,000 received by Esma P. Jackson in the year 1953 constituted a nontaxable gift to her and did not constitute taxable income.

## IX.

Plaintiffs received the statutory notice of the disallowance of said refund claim, as provided by Section 6532(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C. § 6532(a) (1) by registered letter dated December 3, 1956, and this action was instituted on December 18, 1956.

## X.

Esma P. Jackson filed a timely income tax return with defendant for the year 1954, excluding the $4,000 received by her in that year from the Journal Publishing Company from her gross income and otherwise showing a net loss of $1,-487.07. Under date of October 26, 1956, Esma P. Jackson received from the Commissioner of Internal Revenue a notice of an income tax deficiency asserted against her for the year 1954 in the amount of $382.59, based upon increasing her taxable income for that year by the $4,000 received by her from the Journal Publishing Company.

## XI.

On or about December 6, 1956, Esma P. Jackson paid to defendant the said deficiency in the amount of $382.59 for the year 1954 and immediately thereafter filed with the defendant her claim for refund of said amount.

## XII.

Plaintiff Esma P. Jackson received the statutory notice of the disallowance of said refund claim for the year 1954, as provided by Section 6532(a) (1) of the Internal Revenue Code of 1954, by registered letter dated April 5, 1957.

## XIII.

During the years 1953 and 1954 Esma P. Jackson was neither a shareholder nor an employee of the Journal Publishing Company. The payments were made to her and not to her husband's estate, there was no obligation on the part of the Journal Publishing Company to pay any additional compensation to her husband, the Journal Publishing Company derived no benefit from the payments, Esma P. Jackson performed no services for the Journal Publishing Company and the services of her husband during his lifetime had been fully compensated.

## XIV.

The Journal Publishing Company in making such payments to Esma P. Jackson intended to make gifts to her. The payments were not in the nature of dividend distributions to her.

From the foregoing findings of fact, the Court draws the following:

### Conclusions of Law

#### I.

The said sum of $20,000 received by Esma P. Jackson in the year 1953 constituted a gift to her, within the purview of Section 22(b) (3) of the Internal Revenue Code of 1939, and was, therefore, excludable from her gross income for that year.

#### II.

There was an overpayment of plaintiffs' income tax for the year 1953 in the amount of $5,644.06, and plaintiffs are entitled to a refund thereof, together with interest thereon from March 15, 1954.

#### III.

The said sum of $4,000 received by Esma P. Jackson in the year 1954 constituted a gift to her, within the purview

of Section 102(a) of the Internal Revenue Code of 1954, and was, therefore, excludable from her gross income for that year.

IV.

There was an overpayment of plaintiff Esma P. Jackson's income tax for 1954 in the amount of $382.59 and said plaintiff is entitled to a refund thereof, together with interest thereon from December 6, 1956.